[No. 10057-6-II. Division Two. December 21, 1987.]

CHAMPION INTERNATIONAL, INC., *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Respondents.*

*Richard A. Jessup* and *Eisenhower, Carlson, Newlands, Reha, Henriot & Quinn,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Pamela A. Morse, Assistant,* for respondent State.

*Michael J. Welch* and *Welch & Condon,* for respondent Buti.

WORSWICK, J.—James Buti had two on–the–job injuries that were compensable under RCW Title 51: the first, a back injury, compensation for which was from state funds (RCW 51.44); the second, an elbow injury, was self–insured under RCW 51.14 by Champion International, Inc., Buti's employer. Buti was awarded vocational retraining benefits after the second injury. The Department of Labor and Industries ordered these paid entirely by Champion; the Board of Industrial Insurance Appeals affirmed, as did the Superior Court. Champion contends here that the expense of these benefits should be apportioned between its self–insurance and the state funds. We affirm.

Buti was employed as a logger by Champion and its predecessor from June 1960 to February 1980. His back injury occurred in May 1962. As a result, Buti received medical treatment, including surgery in 1977, and was ultimately granted a partial disability award. Buti continued to work for Champion until he injured his left elbow in December 1979. Thereafter, he was unable to use a chain saw, could not continue logging, and needed vocational retraining.

Before the Board, this case was a procedural tangle involving a plethora of issues. Only one issue emerged: whether the vocational retraining expense should be apportioned. That the elbow injury was *a* proximate cause of the need for retraining cannot successfully be disputed. We

assume arguendo that the back injury was also *a* proximate cause, although by no means is this clear.[1]

Champion concedes that no Washington authority supports its position. Citing cases from other jurisdictions, it argues that we should adopt an apportionment rule. We conclude that although there are no cases here on this issue, established Washington law guides us to the appropriate result, and that it is for the Legislature to decide whether an apportionment rule should be adopted.

▮ Apportionment is inappropriate for two reasons. First, it is firmly established in Washington law that if an industrial injury is *a* proximate cause of a worker's disability, the worker is to be fully compensated for the disability notwithstanding his preexisting state of health. Preexisting infirmities that may have contributed to the disability are regarded as conditions upon which the injury operated, not causes of the disability. *Wendt v. Department of Labor & Indus.*, 18 Wn. App. 674, 682, 571 P.2d 229 (1977); *Shea v. Department of Labor & Indus.*, 12 Wn. App. 410, 414, 529 P.2d 1131 (1974), *review denied,* 85 Wn.2d 1009 (1975); *Fochtman v. Department of Labor & Indus.*, 7 Wn. App. 286, 291, 499 P.2d 255 (1972). We find no suggestion in any Washington case that compensation for an industrial injury should be reduced because a previous condition or injury contributed to the resulting disability.

Champion's authorities to the contrary notwithstanding this "last injurious exposure rule" appears to prevail in most jurisdictions.

> When an employee sustains a subsequent industrial injury which is found to be a "new" injury, the insurer at risk at the time of the second injury is liable for all of claimant's benefits. This is true even if the second injury would have been much less severe in the absence of the prior condition and even if the prior injury contributed the major part to the final condition. This is consistent

---

[1] In the discussion portion of her proposed order, the industrial appeals judge seemed to conclude that the elbow injury was the sole proximate cause. However, she made no explicit finding to this effect, nor did the Board.

with the normal compensation rule for preexisting injuries—the employer (or insurer) takes his employee as he finds him.

(Footnotes omitted.) 4 A. Larson, *Workmen's Compensation* § 95.21 (1984). We see no principled distinction between compensation for disability and retraining benefits, for the same rationale applies to each: an injury a proximate result of which is a disability results in compensation; an injury a proximate result of which is the worker's inability to continue an occupation results in retraining benefits.

Second, Buti was eligible for vocational retraining because he was a "qualified injured worker" under former RCW 51.41.020.[2] That statute provided:

For purposes of this chapter, a "qualified injured worker" means an employee who because of the effects of work–related injury or disease, *whether or not combined with the effects of a prior industrial injury or disability*:
(1) *Is permanently precluded or likely to be precluded from engaging in the usual occupation or position* in which the worker was engaged at the time of injury; and
(2) Can reasonably be expected to benefit from rehabilitation services which would significantly reduce or eliminate the decrease in the worker's employability.

(Italics ours.) This has twofold significance. First, the statute expressed a legislative policy consistent with Washington cases involving compensation for disabilities. Second, the evidence and Board findings in this case make it clear that Buti was not precluded from logging until he suffered the elbow injury. Champion cannot argue successfully to the contrary.

Champion's other contentions are without merit.

Affirmed.

ALEXANDER, A.C.J., and PETRICH, J., concur.

---

[2]Enacted Laws of 1982, ch. 63, § 2; repealed Laws of 1985, ch. 339, § 5. The statute was in effect when Buti's retraining benefits were ordered.